UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:18-CV-88 |
| Plaintiff, | : | |
| v. | : | JUDGE |
| SEVENTEEN THOUSAND EIGHT HUNDRED NINETY-THREE DOLLARS IN UNITED STATES CURRENCY ($17,893.00), | : | **VERIFIED COMPLAINT FOR FORFEITURE IN REM** |
| Defendant 1, | : | |
| TWELVE THOUSAND NINE HUNDRED DOLLARS IN UNITED STATES CURRENCY ($12,900.00), | : | |
| Defendant 2, | : | |
| ONE 1970 CADILLAC FLEETWOOD, VIN P0200185, WITH ALL ATTACHMENTS THEREON, | : | |
| Defendant 3, | : | |
| and | : | |
| ONE 2017 GMC SIERRA PICKUP, VIN 3GTU2NEC0HG257114, WITH ALL ATTACHMENTS THEREON, | : | |
| Defendant 4. | : | |

Plaintiff, United States of America, by its undersigned counsel, alleges the following for its action against the defendants in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

## NATURE OF THE ACTION

1. This is a civil action *in rem* brought to enforce 21 U.S.C. § 881(a)(4), which provides for the forfeiture to the United States of:

> All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraphs (1), (2), or (9);

and/or 21 U.S.C. § 881(a)(6), which provides for the forfeiture to the United States of:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

Paragraph (1) of 21 U.S.C. § 881(a) states:

> All controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of this subchapter.

## THE DEFENDANTS IN REM

2. Defendant 1 is Seventeen Thousand Eight Hundred Ninety-Three Dollars in United States Currency ($17,893.00). On September 11, 2017, law enforcement agents seized Defendant 1 from the residence of Jonathan Ingram, located at 128 Beckett Street, Hamilton, Ohio, during the execution of a state search warrant. The United States subsequently deposited the funds into the Seized Asset Deposit Fund, where they will remain during the pendency of this action.

3. Defendant 2 is Twelve Thousand Nine Hundred Dollars in United States Currency ($12,900.00). On September 15, 2017, a third party voluntarily turned over Defendant 2, which he had received from Jonathan Ingram, to a law enforcement agent. The United States subsequently deposited the funds into the Seized Asset Deposit Fund, where they will remain

during the pendency of this action.

4. Defendant 3 is a 1970 Cadillac Fleetwood, VIN P0200185, with All Attachments Thereon, which is registered to Jonathan Ingram. On September 11, 2017, law enforcement agents seized Defendant 3 from Southside's Detail and Wash, 811 Central Avenue, Hamilton, Ohio, during the execution of a state search warrant. Defendant 3 is in the possession of the United States Marshals Service, where it will remain during the pendency of this action.

5. Defendant 4 is a 2017 GMC Sierra Pickup, VIN 3GTU2NEC0HG257114, with All Attachments Thereon, which is registered to Jonathan Ingram. On September 11, 2017, law enforcement agents seized Defendant 4 from Jonathan Ingram during a traffic stop. Defendant 4 is in the possession of the United States Marshals Service, where it will remain during the pendency of this action.

## JURISDICTION AND VENUE

6. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendants under 21 U.S.C. § 881(a)(4) and/or (a)(6). This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

7. This Court has *in rem* jurisdiction over the defendants under 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern District of Ohio.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern District of Ohio and pursuant to 28 U.S.C. § 1395 because the defendants were found in the Southern District of Ohio.

3

## BASIS FOR FORFEITURE

9. The defendants are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because the defendants represent property furnished or intended to be furnished by any person in exchange for a controlled substance, represent proceeds traceable to such an exchange, or were used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense in violation of 21 U.S.C. § 846.

10. Defendant 4 also is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4) because it was used or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in 21 U.S.C. § 881(a)(1).

## FACTS

11. The Drug Enforcement Administration ("DEA") and other law enforcement agencies are investigating the distribution of controlled substances by individuals in Butler County, Ohio and elsewhere. The DEA has identified Jonathan Ingram ("Ingram") as a large-scale narcotics trafficker for years in Hamilton, Ohio, and the surrounding area.

12. On or about May 31, 2017, and July 28, 2017, law enforcement agents conducted controlled purchases of methamphetamine, totaling approximately ninety-three grams, from Ingram. During each transaction, agents observed Ingram arrive in a white 2017 GMC Sierra pickup truck (Defendant 4) at Southside's Detail and Wash, located at 811 Central Avenue, Hamilton, Ohio.

13. Continuing on July 28, 2017, agents observed Ingram engage in what appeared to be a narcotics transaction, based on their training and experience, with an unknown male in the parking lot of Southside's Detail and Wash. After the unknown male departed the area, a deputy

4

of the Butler County Sheriff's Office observed the individual commit three traffic violations and conducted a stop on the vehicle. The deputy seized approximately twenty-five grams of cocaine from the individual's vehicle.

14. On September 11, 2017, law enforcement agents observed Ingram, who was operating Defendant 4, travel to Dayton, Ohio. Based on their experience, law enforcement agents know that it is common for narcotics traffickers to replenish their drug supplies in Dayton, Ohio. While in Dayton, agents observed Ingram spend a short period of time at a residence on West Second Street before he headed toward Hamilton, Ohio. Law enforcement agents executed a traffic stop on Ingram based on no front license plate and on the results of their ongoing investigation.

15. During the traffic stop, a deputy of the Butler County Undercover Regional Narcotics Task Force and a trained, drug-detection canine performed a free air sniff on Defendant 4, which resulted in positive alerts on the vehicle. While conducting a probable cause search of Defendant 4, investigators discovered a brown plastic bag under the rear seat of the vehicle. Inside the plastic bag was a hard, brick-shaped object which was wrapped in black electric tape. DEA Task Force Agent ("TFA") Timothy Andrews found a white powdery substance after cutting through several layers of packaging to include clear tape, rubber, plastic wrap, and grease. The white powdery substance subsequently was lab tested and identified as approximately one kilogram of cocaine, a Schedule II controlled substance.

16. Law enforcement agents arrested Ingram and transported him to the Butler County Jail for an interview. TFA Andrews advised Ingram of his rights under *Miranda*. Ingram agreed to speak with TFA Andrews and signed a written waiver form. When asked about the package

that was located under the rear seat of Defendant 4, Ingram stated that it was cocaine or fentanyl. Ingram also mentioned that it could be drywall. TFA Andrews advised Ingram that a field test was conducted and that the substance tested positive for cocaine.

17. During the interview, Ingram advised that he had information about three kilograms of fentanyl that were coming into the Butler County area. When TFA Andrews inquired about the location of the fentanyl, Ingram indicated that he was to pick up the fentanyl later in the afternoon on September 11, 2017, and that an unknown person would call him. According to Ingram, once he received the call, he would drive to Dayton and pick up the fentanyl at a location disclosed to him during the call. Ingram stated he then would return to the Hamilton area and wait for a second call from an unknown subject who would pick up the fentanyl. During the exchange, Ingram stated that he would receive $10,000.00 for holding the three kilograms of fentanyl. Ingram further stated that he had completed this type of transaction—holding three kilograms of fentanyl for $10,000.00—on three separate occasions. Ingram indicated that he had spent nineteen years in prison and that he was going to do what he had been doing his whole life.

18. Ingram further admitted that he had picked up cocaine in Dayton on three separate occasions as follows: (1) six kilograms, (2) four or five kilograms, and (3) one kilogram (the latest transaction). Ingram stated that the kilograms were fronted to him and that he paid $30,000.00 for the one kilogram but that he previously paid $39,000.00 per kilogram.

19. Agents seized Defendant 4 at the scene of the traffic stop, following Ingram's arrest. Ingram had purchased Defendant 4 on or about March 23, 2017, for $56,429.70. Ingram made two cash payments for the vehicle, each in the amount of $13,000, and he financed the remaining balance.

20. Continuing on September 11, 2017, agents obtained a state search warrant for Ingram's residence, located at 128 Beckett Street, Hamilton, Ohio. During the execution of the search warrant, agents seized, among other things, four firearms, magazines, ammunition, baggies containing a white powdery substance, loose green vegetation believed to be marijuana, and an undetermined amount of United States currency from a gun safe in the master bedroom and from a jar in the kitchen. The DEA later determined that the seized currency, which represents Defendant 1, totaled $17,893.00. The white powdery substances in the baggies were lab tested and identified as approximately 42.6 grams total of cocaine, a Schedule II controlled substance.

21. On September 11, 2017, agents also obtained a state search warrant for Ingram's business, Southside's Detail and Wash, located at 811 Central Avenue, Hamilton, Ohio. During the execution of the search warrant, agents seized, among other things, two bags of suspected marijuana from the office on a shelf, a clear baggie containing a white powdery substance from a black tray in the bay area of the business, two clear plastic baggies containing a crystal substance from the pocket of a shirt hanging in the office, and three kilogram-type wrappers from a dog food bag on the floor in the office. Agents also seized a 1970 Cadillac Fleetwood, VIN P0200185 (Defendant 3), which Ingram purchased on or about May 23, 2014, and claimed that it has a value of approximately $25,000.00. The suspected narcotics were lab tested and identified as cocaine, marijuana, and methamphetamine.

22. On September 15, 2017, law enforcement agents learned that on July 3, 2017, Ingram paid an individual $13,000.00 in United States currency as a down payment for the purchase of real estate. Ingram agreed to pay the seller an additional $13,000.00 on August 11, 2017, to complete the transaction; however, the deal fell through prior to the final payment.

Ingram subsequently requested the return of the $13,000.00. Following Ingram's arrest, the seller voluntarily turned over the remaining currency ($12,900.00) in the form of a cashier's check, which represents Defendant 2, to a law enforcement agent.

23. On September 20, 2017, a federal grand jury returned a two-count Indictment against Ingram, charging him in Count 1 with distribution and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 and charging him in Count 2 with possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2) (Case No. 1:17-CR-107).

24. Although Ingram is licensed as a barber and has several businesses registered in Ohio, records show that for the time period of 2005 through 2016, Ingram has not filed any personal tax returns or any business tax returns for Southside Investments Group, LLC; Property Solutions of Southwest Ohio, LLC; and Generate Investments Group, LLC with the City of Hamilton. In addition, for the period of 2005 through 2016, Ingram has not filed any Ohio tax returns for personal income, corporate income, sales, and withholding.

25. Ingram has an extensive criminal history, which includes but is not limited to convictions for the following: aggravated robbery in 1982, carrying a concealed weapon in 1989, weapons under disability in 1989, drug abuse in 1989, aggravated trafficking in 1992, aggravated trafficking in 1996, preparation of drugs for sale in 2001, trafficking in drugs in 2007, and trafficking in marijuana in 2007. Ingram has served a significant amount of time in prison.

### CLAIM FOR RELIEF

By reason of the facts set forth herein, the defendants are properly condemned as forfeited to the United States pursuant to 21 U.S.C. § 881(a)(4) and/or (a)(6).

WHEREFORE, the plaintiff respectfully requests that:

(a) pursuant to Rule G(3)(b)(i), Supplemental Rules, the Clerk issue a warrant of arrest *in rem*, directing the United States to arrest and seize the defendants and to retain the same in its custody subject to further order of the Court;

(b) the Court, pursuant to Rule G(4), Supplemental Rules, direct the United States to give notice to all persons and entities having an interest in the defendants to assert in conformity with the law a statement of any interest they may have, including notice by publication on the official government website, www.forfeiture.gov, for 30 consecutive days;

(c) the forfeiture of the defendants to the United States be confirmed, enforced, and ordered by the Court;

(d) the Court thereafter order the United States to dispose of the defendants as provided by law; and

(e) the Court award the United States all other relief to which it is entitled, including the costs of this action.

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney

s/Deborah D. Grimes
DEBORAH D. GRIMES (0078698)
Assistant United States Attorney
Attorney for Plaintiff
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711 / Fax (513) 684-6385
Deborah.Grimes@usdoj.gov

## VERIFICATION

I, Timothy J. Andrews, hereby verify and declare under the penalty of perjury that I am a Task Force Agent with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint for Forfeiture *in rem* and know the contents thereof, and that the matters contained in the complaint are true to my own knowledge, except that those matters stated to be alleged on information and belief and as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, and my investigation of this case.

I hereby verify and declare under the penalty of perjury that the foregoing is true and correct.

Dated 2·7·18 @ 1500 HRS

TIMOTHY J. ANDREWS, Task Force Agent
Drug Enforcement Administration

JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**(b)** County of Residence of First Listed Plaintiff    Hamilton
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Deborah D. Grimes, Assistant United States Attorney
221 E. Fourth Street, Suite 400
Cincinnati, Ohio 45202

## DEFENDANTS
Seventeen Thousand Eight Hundred Ninety-Three Dollars in United States Currency ($17,893.00), et al.

County of Residence of First Listed Defendant    Hamilton
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question *(U.S. Government Not a Party)*
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Forfeiture pursuant to 21 U.S.C. § 881(a)(4) and/or (a)(6)
Brief description of cause:
Forfeiture

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE  Timothy S. Black
DOCKET NUMBER  1:17-CR-107

DATE  2/7/18
SIGNATURE OF ATTORNEY OF RECORD  /s/ Deborah D. Grimes

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____